UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARK HOWORKA,

       Plaintiff,

     v.

KEYBANK, N.A.,

       Defendants.

25-CV-658-LJV
DECISION & ORDER

---

On July 21, 2025, Mark Howorka, proceeding pro se and identifying himself as the "Plaintiff-Removing Party," filed a notice of removal in this Court. *See* Docket Item 1. Howorka sought to remove a foreclosure action that KeyBank, N.A. ("KeyBank"), had initiated against him in New York State Supreme Court, Erie County. *Id.* ¶ 1.

On August 5, 2025, KeyBank moved to remand the case to state court and for an order banning Howorka from "fil[ing] any actions in federal court for the next two years" regarding the property that is the subject of the foreclosure action. Docket Item 2 at 6.[1] Howorka opposed that motion, Docket Item 5, and KeyBank replied, Docket Item 7. For the reasons that follow, KeyBank's motion, Docket Item 2, is GRANTED IN PART. More specifically, the motion is granted insofar as it seeks remand but denied as to its request for a filing injunction.

---

[1] Page numbers in docket citations refer to ECF pagination.

**BACKGROUND**[2]

On April 4, 2003, Howorka executed a mortgage agreement with KeyBank

secured by his residence in Blasdell, New York.  *See* Verified Complaint at 11-24,

*KeyBank, N.A. v. Howorka*, Case No. 808849/2018 (Sup. Ct. Erie Cnty. filed June 7,

2018), Docket Item 1 (mortgage agreement attached to complaint in state court action).

After Howorka "default[ed o]n his monthly payments due August 17, 2017," *id.* at 5,

KeyBank commenced a foreclosure action against him and his wife, Cheryl, in state

court, *id.* at 1; *see also id.* at 11 (identifying Cheryl Howorka as Mark Howorka's wife

and co-mortgagor).[3]  The complaint sought a judgment of foreclosure and sale as to the

Blasdell property, *id.* at 7-8, which the state court entered on March 16, 2020, *see*

Docket Item 2-1 at 11-21.

---

[2]  When considering a motion to remand, courts "generally evaluate jurisdictional facts . . . on the basis of the pleadings, viewed at the time when [the] defendant files the notice of removal," *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56-57 (2d Cir. 2006) (citing *Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003) (per curiam)), and "assume the truth of non-jurisdictional facts alleged in the complaint," *Guzman v. First Chinese Presbyterian Cmty. Affs. Home Attendant Corp.*, 520 F. Supp. 3d 353, 356 (S.D.N.Y. 2021).

Courts also "may consider materials outside . . . the complaint, such as documents attached to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis," *id.*, as well as the state court record, *Resetarits Constr. Co. v. E&N Constr., Inc.*, 2021 WL 1699727, at *5 (W.D.N.Y. Apr. 29, 2021).  Unless otherwise noted, the following facts are taken from the parties' filings, including the documents attached to KeyBank's remand motion, and the filings in the state court action.

[3] The state court complaint also named Jeanette Loewke as a defendant. Verified Complaint at 3, *KeyBank, N.A. v. Howorka*, Case No. 808849/2018 (Sup. Ct. Erie Cnty. filed June 7, 2018), Docket Item 1.  Her connection to this action is unclear, and Howorka did not identify her as a party when he filed the notice of removal.  *See* Docket Item 1.

Almost a year later, Howorka sought to dismiss the foreclosure complaint, and the state court denied that request. Docket Item 2-1 at 23-25. He then appealed that decision, *id.* at 27-28, but KeyBank says that Howorka "never perfected" his appeal, Docket Item 2 ¶ 6, and the record does not include anything about the status of the appeal.

Howorka then filed four Chapter 13 bankruptcy petitions, all of which were dismissed—one after he failed to make plan payments and three for failure to prosecute.[4] *See In re: Mark K. Howorka and Cheryl L. Howorka*, Case No. 22-bk-10732 (Bankr. W.D.N.Y. Nov. 2, 2022), Docket Item 45 (dismissing petition for failure to prosecute); *In re: Mark K. Howorka*, Case No. 23-bk-10646 (Bankr. W.D.N.Y. Sept. 20, 2023), Docket Item 29 (dismissing petition for failure to prosecute); *In re: Mark K. Howorka and Cheryl L. Howorka*, Case No. 23-bk-11191 (Bankr. W.D.N.Y. Mar. 20, 2024), Docket Item 39 (dismissing petition for failing to make plan payments);[5] *In re Mark K. Howorka and Cheryl L. Howorka*, Case No. 24-bk-11251 (Bankr. W.D.N.Y. Jan.

---

[4] The Court can, and does, take judicial notice of the filings in Howorka's four bankruptcy proceedings. *See Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 156-60 (E.D.N.Y. 2010) (taking judicial notice of filings from plaintiffs' bankruptcy proceedings in action arising from foreclosure judgment in state court). In its motion to remand, KeyBank says that one petition was dismissed because Howorka failed to make plan payments, Docket Item 2 ¶ 7, one was dismissed for failure to prosecute, *id.* ¶ 8, and two were dismissed for failing to file schedules or provide required information, *id.* ¶¶ 10-11. Regardless, it is clear that all four of Howorka's bankruptcy petitions were dismissed after he failed to take some sort of action.

[5] The text of this order indicates that the case was dismissed because of the debtors' failure to prosecute, but on the docket the order is titled "Order Granting Motion to Dismiss Case for Failure to Make Plan Payments." *See In re: Mark K. Howorka and Cheryl L. Howorka*, Case No. 23-bk-11191 (Bankr. W.D.N.Y. Mar. 20, 2024), Docket Item 39.

8, 2025), Docket Item 29 (dismissing petition for failure to prosecute); *see also* Docket Item 2-1 at 29-53.

Meanwhile, in state court, Howorka filed an emergency motion to vacate in November 2023, again seeking to dismiss the foreclosure proceeding.  Notice of Motion for Emergency Order to Show Cause and Emergency Motion to Vacate, *KeyBank, N.A. v. Howorka*, Case No. 808849/2018 (Sup. Ct. Erie Cnty. filed Nov. 3, 2023), Docket Item 112.  KeyBank opposed that motion, *see* Plaintiff's Response in Opposition to Defendant's Notice of Motion for Emergency Order to Show Cause and Emergency Motion to Vacate, *KeyBank, N.A. v. Howorka*, Case No. 808849/2018 (Sup. Ct. Erie Cnty. filed Dec. 15, 2023), Docket Item 115, but the record does not reflect whether that motion was ever resolved, *see* Docket Item 2-1 at 2-9.

Finally, on July 21, 2025, Howorka removed the foreclosure action to this Court. *See* Docket Item 1.

## **LEGAL PRINCIPLES**

"A defendant may remove an action originally filed in state court to federal court if the case originally could have been filed in federal court."  *Vera*, 335 F.3d at 113 (citing 28 U.S.C. § 1441(a)).  But if a court lacks subject matter jurisdiction over a removed case, it must remand that case to the state court.  28 U.S.C. § 1447(c); *see Atanasio v. O'Neill*, 235 F. Supp. 3d 422, 424 (E.D.N.Y. 2017) ("[I]f a federal court lacks subject matter jurisdiction over the removed action, the case must be remanded from whence it came.").

"In a case removed to federal court from state court, the removal statute is to be interpreted narrowly, and the burden is on the removing party to show that subject

4

matter jurisdiction exists and that removal was timely and proper." *Winter v. Novartis Pharms. Corp.*, 39 F. Supp. 3d 348, 350 (E.D.N.Y. 2014) (citing *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)). "All doubts should be resolved against removability." *Id.* (citing *Lupo*, 28 F.3d at 274). And "[o]n a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Meeks v. City of Rochester*, 2022 WL 13789086, at *1 (W.D.N.Y. Oct. 24, 2022) (quoting *Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994)).

## **DISCUSSION**

KeyBank says that there are several reasons why this Court must remand this case, arguing that the Court does not have either federal question or diversity jurisdiction, Docket Item 2 ¶¶ 13-14, and that Howorka's removal was untimely, Docket Item 7 at 3. This Court agrees with each of those reasons.

## I.    LOCAL RULE 81

Although KeyBank does not raise it, the Court first addresses Howorka's failure to comply with Local Rule of Civil Procedure 81. That rule requires a party removing an action to submit, among other things, "an index identifying each document filed and/or served in the state court action" and a copy of each such document tabbed and arranged in chronological order. Loc. R. Civ. P. 81(a)(3); *see also* 28 U.S.C. § 1447(b) ("[A district court] may require the removing party to file . . . copies of all records and proceedings in such [s]tate court.").

Howorka has not done so; instead, he has attached only a few recent filings—without any index—to his notice of removal.  *See* Docket Item 1 at 6-37.  The Court could remand this case for that reason alone, as a court may remand a removed action "on the basis of any defect in the removal procedure."  *Polito v. Hanover Ins. Grp.*, 2018 WL 3598873, at *4 (W.D.N.Y. July 27, 2018) (quoting *In re Village of Kiryas Joel*, 2012 WL 1059395, at *2 (S.D.N.Y. Mar. 29, 2012)).  In fact, other courts in this District have remanded cases when notices of removal violated Local Rule 81.  *See, e.g.*, *id.* at *5 (holding that removal was "defective" because defendant violated 28 U.S.C. § 1446(a) and Local Rule 81 by failing to include "exhibits attached to the state-court complaint"); *Bagnato v. The Home Depot*, 2004 WL 625270, at *1-2 (W.D.N.Y. Jan. 15, 2004) (remanding action because notice of removal "failed to disclose pending motion" filed in state court).  Nevertheless, because Howorka is proceeding pro se, this Court will overlook that failure and will not remand on that basis.

## II.     JURISDICTION

A civil action brought in state court may be removed to federal court only if the federal court would have had original subject matter jurisdiction over the action in the first place.  28 U.S.C. § 1441(a).  In general, that means the court must have jurisdiction based either on a question of federal law, *see* 28 U.S.C. § 1331, or on diversity of citizenship, *see* 28 U.S.C. § 1332.  *See Vitucci v. Radparvar*, 2021 WL 4080785, at *3 (S.D.N.Y. Sep. 7, 2021).

### A.     Federal Question

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Invoking 42

U.S.C. § 1983, Howorka says that "[f]ederal question jurisdiction exists . . . because this matter raises federal constitutional due process violations" and the foreclosure proceedings "are constitutionally deficient."  Docket Item 1 ¶¶ 2-3.

"To invoke federal question jurisdiction," however, "the plaintiff's claims alleged in the state court action must arise" under federal law.  *Einhorn v. Best*, 2011 WL 1046064, at *3 (S.D.N.Y. Feb. 10, 2011) (citing 28 U.S.C. § 1331).  Here, the state court complaint initiated only a mortgage foreclosure action and does not refer to either the United States Constitution or 42 U.S.C. § 1983.  *See generally* Verified Complaint, *KeyBank, N.A. v. Howorka*, Case No. 808849/2018, (Sup. Ct. Erie Cnty. filed June 7, 2018), Docket Item 1.  And for that reason, there is no federal question jurisdiction.  *See Bank of America, NA v. Terry*, 2026 WL 472622, at *2 (E.D.N.Y. Feb. 19, 2026) (no federal question jurisdiction where state court foreclosure complaint "iniate[d] a mortgage foreclosure action and not a civil rights claim" and "include[d] no reference to 42 U.S.C. § 1983"); *see also Wilmington Sav. Fund Soc'y, FSB v. Savvidis*, 2021 WL 106276, at *1 (D. Conn. Jan. 11, 2021) ("Because the complaint only appears to raise state law claims relating to the mortgage loan, the action does not arise under federal law.").

Howorka's invocation of constitutional due process as to the state court action is a defense—not a claim.  And "[i]t is well-established that the presence of a defense based on federal law is *not* a basis for removing a state court action to federal court." *Terry*, 2026 WL 472622, at *2 (citing *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002)).  That is because "[w]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional

statute, . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim . . . , unaided by . . . defenses which it is thought the defendant may interpose." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983) (first omission original) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75 (1914)).

In sum, because the issues of federal law raised by Howorka do not appear anywhere in the state court complaint, there is no basis for federal question jurisdiction. *See Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 9 (E.D.N.Y. 2005) (explaining that state court's alleged violation of party's constitutional due process rights in foreclosure proceeding could not be basis for removal).

## B.    Diversity

Howorka also says that diversity jurisdiction "[m]ay [e]xist," pointing to the fact that KeyBank's main office is in Ohio.  Docket Item 5 at 2.  Even assuming that the prerequisites for diversity jurisdiction are met, however, Howorka cannot remove this action on that basis.

Howorka identifies himself as the plaintiff in the notice of removal, *see* Docket Item 1 at 1, but he is actually a defendant in the underlying state court action, *see* Verified Complaint, *KeyBank, N.A. v. Mark Howorka et al.*, Case No. 808849/2018, (Sup. Ct. Erie Cnty. filed June 7, 2018), Docket Item 1.  And where a defendant in a state court action is a citizen of the forum state—here, New York, *see* Docket Item 1 at 4 (listing Howorka's address as subject property in Blasdell, New York)—28 U.S.C. § 1441(b)(2) does not permit removal based on diversity jurisdiction.  *See Countrywide Home Loans, Inc. v. Young*, 2013 WL 1386289, at *1 (D. Vt. Apr. 4, 2013) (28 U.S.C. §

8

1441(b)(2) "allows for removal on the basis of diversity jurisdiction only if none of the defendants 'is a citizen of the State in which such action is brought.'" (quoting 28 U.S.C. § 1441(b)(2))).  In other words, when the basis for federal jurisdiction is diversity of citizenship, a defendant cannot remove a case from his own state's courts.  *See Speranza v. Leonard*, 925 F. Supp. 2d 266, 272 (D. Conn. 2013) (collecting cases).

In sum, diversity jurisdiction also does not give this Court the authority to hear this case, making it "unmistakably clear that the Court lacks jurisdiction."  *See Swiatkoski*, 395 F. Supp. 2d at 10 (internal quotation marks omitted).[6]

## III.    SANCTIONS

Finally, KeyBank asks that the Court "not allow How[o]rka to file any actions in federal court for the next two years pertaining to the foreclosure of the" Blasdell property.  Docket Item 2 at 6.

---

[6] KeyBank argues, Docket Item 7 at 3, and the Court agrees, that Howorka's removal of the foreclosure proceedings also is untimely.  Under 28 U.S.C. § 1446(b), the notice of removal of a civil action "shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading."  Ordinarily, this means that the action must be removed "within 30 days of . . . receipt of the initial summons or complaint." *Spencer v. Duncaster, Inc.*, 54 F. Supp. 3d 171, 174 (D. Conn. 2014) (citing 28 U.S.C. § 1446(b)(1)).  The state court docket sheet attached to the motion to remand indicates that Howorka was served in June 2018*, see* Docket Item 2-1 at 2, but Howorka did not remove this case until 2025, *see* Docket Item 1.

Additionally, "[w]here a case is removed on the basis of diversity jurisdiction . . . [28 U.S.C. §] 1446(c) permits removal 'more than 1 year after commencement of the action' where 'the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.'" *Bank of N.Y. v. Consiglio*, 2017 WL 9480197, at *3 (D. Conn. Oct. 2, 2017) (quoting 28 U.S.C. § 1446(c)).  But Howorka has not alleged any bad faith that prevented his removing the action, so section 1446(c) does not apply and his removal is untimely.

9

Although KeyBank does not cite any authority for imposing such a restriction, the Court notes that at least one other district court in this Circuit has, under similar circumstances, imposed restrictions on a pro se party who had attempted to remove foreclosure proceedings to federal court. *See Deutsche Bank Nat'l Trust Co. v. Reddy*, 2023 WL 8253765, at *3-4 (D. Conn. Nov. 29, 2023). But for two reasons, this Court declines—at least for now—to impose the restriction that KeyBank requests.

First, unlike the removing party in *Reddy*, *see id.* at *4, this is Howorka's first attempt to remove the foreclosure proceeding. And second, because Howorka is proceeding pro se, the Court is hesitant to impose a filing restriction without first giving him notice. *See Swiatkoski*, 395 F. Supp. 2d at 10 (providing pro se parties with notice that filing future lawsuits or notices of removal related to state court foreclosure proceedings could result in filing ban); *see also Bd. of Managers of 2900 Ocean Ave. Condo. v. Bronkovic*, 83 F.3d 44, 45 (2d Cir. 1996) (noting that district court may not enjoin further filings without first giving notice).

That being said, Howorka is hereby warned that another meritless attempt to remove these proceedings may well result in the filing restriction that KeyBank proposes. The Court can understand the emotion inherent in the foreclosure process, but that does not give even a pro se litigant license to abuse the judicial process.

## **CONCLUSION**

For the reasons stated above, KeyBank's motion, Docket Item 2, is GRANTED IN PART, and the case is REMANDED to New York State Supreme Court, Erie County. The Clerk of the Court shall close the case.

SO ORDERED.

Dated:   March 30, 2026
         Buffalo, New York


                                        /s/ Lawrence J. Vilardo
                                    _____
                                    LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE